Norred Law, PLLC
Clayton L. Everett | Texas State Bar No. 24065212
515 E. Border Street | Arlington, Texas 76010
(817) 704-3984 | clayton@norredlaw.com
Attorney for Steven C. Eaton

# United States Bankruptcy Court
### Northern District of Texas
### Fort Worth Division

| | |
|---|---|
| **In re Steven C. Eaton,**<br>AKA: Steve Eaton<br>6112 Ivy Glen Dr.<br>Arlington, TX 76017<br>SSN: xxx-xx-8586<br><br>**Debtor.** | Case No. 18-41483-elm13<br><br>Chapter 13<br><br>**Judge Edward L. Morris** |

## MOTION FOR DEBTOR TO BE EXCUSED FROM CONDUIT PROGRAM

NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT ELDON B. MAHON U.S. COURTHOUSE, 501 W. 10TH ST., RM. 147, FORT WORTH, TX 76102-3643 BEFORE CLOSE OF BUSINESS ON **MAY 4, 2022**, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.

ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.

IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.

**Steven C. Eaton**, the debtor in the above-styled and numbered case, files this motion to be excused from the conduit program because requiring Mr. Eaton, a below-median debtor, to participate in the conduit program in this circumstance would put an undue burden on his monthly budget.

Summary

Steven C. Eaton ("Eaton") seeks to be excused from the conduit program required by General Order 2021-05. Eaton received a series of loan payment forbearances from Nationstar Mortgage LLC d/b/a Mr. Cooper, resulting in a postpetition arrearage of $14,051.75 as of the date of this motion. Approximately two-thirds of this arrearage was related to pandemic mortgage relief. Eaton and Mr. Cooper have been unable to resolve this issue through the lender's loss mitigation programs, and recently Eaton was denied a loan modification by the Lender.

Eaton filed a pending plan modification that would pay the postpetition arrears over the next thirty-six months, by extending the length of the plan from sixty months to eighty-four months and by increasing his trustee payment from $480 per month to $618. Eaton's plan modification does not propose to pay the current monthly mortgage payments through the plan, because doing so would put an undue burden on Eaton's budget and potentially make the plan modification unfeasible. Therefore, Eaton requests to be excused from the Conduit Program.

Background

1.  This Court has jurisdiction over this matter under 28 U.S.C. §§ 1334 and 157. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (L). The venue is proper in this district under 28 U.S.C. § 1409(a).

2.  On April 16, 2018, Steven C. Eaton filed a petition commencing the above chapter 13 case proceeding. On July 10, 2018, Eaton's Chapter Plan was confirmed. The confirmed plan provided that Eaton would make monthly payments of $480 for sixty months.

3.  Eaton was current on his Mortgage Loan with Nationstar Mortgage LLC d/b/a Mr. Cooper ("Mr. Cooper") as of the dates of the petition and confirmation of his chapter 13 plan.

4.  On or about October of 2020, Eaton received a series of mortgage forbearances that deferred his monthly payments to Mr. Cooper concerning his primary residence located at 6112 Ivy Glen Dr. Arlington, TX 76017.

5.  These forbearances resulted in a postpetition arrearage of approximately $14,051.75.

6.  On September 22, 2021, Mr. Cooper filed a motion for relief from the automatic stay concerning the Property.

7.  Over the past several months, counsels for Eaton and Mr. Cooper have worked to resolve the postpetition arrearage through the lender's loss mitigation program. Ultimately these attempts were unsuccessful. Counsel for Mr. Cooper indicated that the loan modification was denied, in part, because of Eaton's high debt to income ratio.

8.  On February 15, 2022, Eaton received a letter from Mr. Cooper informing him that the Pandemic Forbearance Plan had ended and that Mr. Cooper may take action in his bankruptcy case to address the account arrearage.

9.  On March 23, 2022, Eaton filed a modification of his chapter 13 plan after confirmation ("Plan Modification") [Dkt. No. 51]. The Plan Modification seeks to cure the postpetition mortgage arrearage amount of $13,968.04 by paying arrears through the plan and extending the plan term under the CARES Act to 84 months.

10. Since the plan modification, counsels for Eaton and Mr. Cooper have entered into an agreed order concerning the motion for relief that allows Eaton to continue to make ongoing monthly payments direct to Mr. Cooper and requires Eaton to cure the postpetition arrearage through an amended plan.

11. At the time of confirmation, Eaton's budget showed a monthly net income of $481.52 [Dkt. No. 22]. However, Eaton has experienced a modest increase in disability benefits and

income from his soccer refereeing, adding approximately $279.50 to his budget. This additional income will allow Eaton to make the $618 payments under the Plan Modification.[1]

12.     Upon information and belief, the Trustee charges a fee of approximately 10% of the payment amount distributed under the plan each month. According to a recent mortgage statement, Eaton's ongoing monthly mortgage payment is now $713.12. Requiring Eaton to participate in the Conduit Program would result in an additional trustee fee of approximately $70.

13.     Unfortunately, Eaton does not have the present ability to pay these additional trustee fees. Forcing Eaton to enter the Conduit Program under these circumstances imposes an undue burden on the debtor. Moreover, such a burden on the debtor is not mandated by any applicable provision of the Bankruptcy Code but rather is being imposed by a procedural rule created under this district's Standing General Order Concerning All Cases ("General Order 2021-05").

14.     For these reasons, Eaton is asking to be excused from the Conduit Program.

### Analysis & Argument

15.     Unless otherwise ordered by this Court, a debtor in this district is required to participate in the Conduit Program under Standing Order Concerning All Chapter 13 Cases (see paragraph 14 of "General Order 2021-05") of the United States Bankruptcy Court for the Northern District of Texas.

16.     Under the facts of this case, Eaton should be excused from the Conduit Program because the requirement places an undue burden on Eaton's budget. Eaton is a below-median income debtor, who has made all of his prior plan payments. While his budget provides the ability to cure his postpetition mortgage arrears, the budget does not have enough excess disposable

---

[1] Supplemental budget information on Official Form 106I and 106J will be filed shortly upon final approval of the Debtor.

Motion to Excuse Debtor from Conduit Program

income to pay an additional $70 trustee fees that would be required if the $713 ongoing mortgage payments were administered through the conduit program.

17.     Additionally, one of the primary purposes of the Conduit Program is to prevent the creditor's need to file motions for relief from the automatic stay on primary mortgages. However, Mr. Cooper has already filed such a motion and, importantly, Mr. Cooper and Eaton reached an agreement in principle to condition the automatic stay on curing the arrears through the plan while maintaining direct payments on the ongoing mortgage payments. The terms of this agreement are attached in the form of order attached as Exhibit A.[2]

18.     Finally, the modification of the plan proposed by Eaton meets all the requirements of the Bankruptcy Code. To obtain relief under § 1329, a debtor should not be restricted by a local General Order that makes a modification more expensive, where the debtor is otherwise entitled to such relief. This Court should not permit the application of the Conduit Program under the General Order to place a substantive burden on the debtor where no such burden is required or contemplated under the Bankruptcy Code.

**WHEREFORE**, the Debtor respectfully asks the Court to excuse the Debtor from the participation under the Conduit Program; and to grant any other such relief as the Court determines just and proper, including attorney's fees for bringing this motion.

---

[2] Creditor and Debtor have agreed to submit this proposed order should the Court excuse the Debtor from the Conduit Program.

Motion to Excuse Debtor from Conduit Program

Respectfully Submitted,

NORRED LAW, PLLC

/s/ Clayton L. Everett
Clayton L. Everett
State Bar No. 24065212
515 E. Border Street
Arlington, TX 76010
Clayton@norredlaw.com
O: 817-704-3984 / F: 817-524-6686
ATTORNEYS FOR DEBTOR

## CERTIFICATE OF CONFERENCE

Prior to filing this motion, I have conferred Ethan Cartwright, staff attorney for Pam Bassel, and Grant Tabor, attorney for Mr. Cooper regarding the relief requested in this motion. Mr. Cartwright indicated that the Trustee was opposed to this motion. Mr. Tabor indicated that his client took no position on the motion.

By: /s/ Clayton L. Everett

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 13, 2022, a true and correct copy of the foregoing Objection to Motion for Relief has been served on the following parties in interest either electronically or by first class U.S. Mail in compliance with Federal and Local Rules of Bankruptcy Procedure:

**CHAPTER 13 TRUSTEE**
Pam Bassel
7001 Blvd. 26, Suite 150
North Richland Hills, Texas 76180

**U.S. TRUSTEE**
William T. Neary
1100 Commerce St. Room 976
Dallas, TX 75242-1699

**NATIONSTAR MORTGAGE LLC DBA MR. COOPER**
c/o Grant M. Tabor
Law Office of Gerald M. Shapiro, LLP
1315 Northwest Freeway, Suite 1200
Houston, TX 77040

By: /s/ Clayton L. Everett